IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARILYN AYIN ADAMS, | CIVIL NO. 09-00160 SOM-LEK |
| Plaintiff, | |
| vs. | |
| OGDEN NEWSPAPERS, INC., DBA EASY TO USE ISLAND PAGES; ARIDA STASSEN, Manager; TRAVIS BOGLE, Manager, | |
| Defendants. | |

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS PENDING ARBITRATION**

Before the Court is Defendants Ogden Directories, Inc., doing business as EZ to Use Island Pages, LLC ("Ogden"), and Travis Bogle's (collectively "Defendants") Motion for Reconsideration of Order Denying Defendants' Motion to Compel Arbitration and Stay Court Proceedings Pending Arbitration ("Motion for Reconsideration"), filed on November 3, 2009. Plaintiff Marilyn Ayin Adams ("Plaintiff") filed her memorandum in opposition on November 16, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal

authority, Defendants' Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On April 8, 2009, Plaintiff filed the instant action alleging, *inter alia*, that her former employer, Ogden, discriminated against her because of her race and retaliated against her for filing a discrimination complaint with the Equal Employment Opportunity Commission.

On May 19, 2009, Defendants filed their Motion to Compel Arbitration and Stay Court Proceedings Pending Arbitration ("Motion to Compel Arbitration").  Defendants alleged that the independent contractor agreement that Plaintiff alleges she worked under contained an arbitration clause.  Defendants argued that the Court should enter an order compelling Plaintiff to arbitrate her claims and staying this case pending the outcome of the arbitration.

On October 28, 2009, this Court issued its Order Denying Defendants' Motion to Compel Arbitration and Stay Proceedings ("Order").  In the Order, this Court ruled that the Federal Arbitration Act ("FAA") did not apply to the independent contractor agreement between Plaintiff and Ogden because the agreement did not evidence a transaction involving interstate commerce.  The Court noted that Defendant may be entitled to compel arbitration under state law, but the Court declined to

address the issue because Defendants did not raise that argument.

In the instant Motion for Reconsideration, Defendants argue that reconsideration is necessary because the Order contained manifest errors of law and fact.  Defendants apparently do not contest this Court's ruling that the FAA did not apply to the independent contractor agreement, but Defendants argue that the arbitration agreement is binding under Hawai`i law. Defendants contend that the Motion to Compel Arbitration and their reply did seek enforcement of the arbitration agreement under Hawai`i law, but even *assuming*, arguendo, that it did not, Defendants now ask the Court to consider enforceability under Hawai`i law.  [Mem. in Supp. of Motion for Reconsideration at 2-3 & n.1.]  Defendants contend that the Court should order Plaintiff to arbitrate her claims pursuant to Haw. Rev. Stat. Chapter 658A and stay the case pursuant to Haw. Rev. Stat. § 658A-7.

In her memorandum in opposition to the Motion for Reconsideration, Plaintiff reiterates the arguments that she raised in opposition to the Motion to Compel Arbitration.  She also argues that the arbitration clause is invalid because she did not willingly and voluntarily agree to it and because the independent contractor agreement lacked consideration.  Plaintiff argues that this Court correctly ruled that the independent contractor agreement did not affect interstate commerce.

3

**DISCUSSION**

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.  In the present case, Defendants argue that reconsideration is necessary to correct manifest errors of law and fact.

Defendants argue that this Court committed manifest error by failing to rule upon the enforceability of the arbitration clause under Hawai`i law.  They contend that pages 4-6 of their memorandum in support of the Motion to Compel Arbitration argued that the arbitration agreement was not unenforceable under Hawai`i law, and this constituted an assertion of enforceability under Hawai`i law.  [Mem. in Supp. of Motion for Reconsideration at 3 n.1.]

In the Motion to Compel Arbitration, Defendants clearly argued that the FAA governed the independent contractor agreement and that Plaintiff's claims are arbitrable under the FAA.  [Mem. in Supp. of Motion to Compel Arbitration at 2-4.]  Defendants next anticipated that Plaintiff would argue that the arbitration

4

clause is unconscionable.  Defendants noted that "'General contract defenses such as unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements.'" [Id. at 4 (quoting Kam-Ko Bio-Pharm Trading Co. Ltd. v. Mayne Pharma Inc., 560 F.3d 935, 940 (9th Cir. 2009)).]  Pages 4-6 of the memorandum discuss whether the parties' arbitration agreement is unconscionable under Hawai`i law.  This analysis did not constitute an assertion that the independent contractor agreement was subject to arbitration under Hawai`i law.  It was a recognition that state law contract defenses can invalidate arbitration agreements that would otherwise be governed by the FAA.  See Kam-Ko, 560 F.3d at 940 ("Accordingly, while the Supreme Court has emphasized that the FAA clearly enunciates a congressional intention to favor arbitration, general contract defenses such as . . . unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements[.]" (citations and quotation marks omitted) (alteration in original)).  Thus, the Motion to Compel Arbitration did not raise the issue whether Defendants were entitled to compel arbitration under Hawai`i law.

        Defendants also argue that their reply in support of the Motion to Compel Arbitration argued that the they were entitled to compel arbitration under Hawai`i law.  This Court, however, could not address this argument because Defendants

failed to raise it in the Motion.  See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  Defendants therefore have failed to show that this Court committed manifest error by failing to rule upon whether Defendants' entitlement to compel arbitration pursuant to Hawai`i law.

The Motion for Reconsideration also states that "Defendants now ask the Court to enforce [Plaintiff's] arbitration agreement under Hawai`i law . . . ."  [Mem. in Supp. of Motion for Reconsideration at 3.]  Defendants, however, could have raised this argument in the original Motion to Compel Arbitration, but failed to do so.  The Court will not grant reconsideration based legal arguments that could have been raised in connection with the original motion.  See Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted).

Defendants have therefore failed to establish that reconsideration of the Order is necessary.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Compel Arbitration and Stay Court Proceedings Pending Arbitration, filed on November 3, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

6

DATED AT HONOLULU, HAWAII, January 12, 2010.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States Magistrate Judge

**MARILYN AYIN ADAMS V. OGDEN NEWSPAPERS, INC., ETC., ET AL.; CIVIL NO. 09-00160 SOM-LEK; ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY COURT PROCEEDINGS PENDING ARBITRATION**